CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

APR 1 8 2012

JULIA C. DUDLEY, CLERK
BY: _____
DEPUTY CLERK

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION**

| | | |
|---|---|---|
| **JABORIE BROWN,** | ) | **CASE NO. 7:12CV00164** |
| | ) | |
| **Petitioner,** | ) | |
| | ) | **MEMORANDUM OPINION** |
| **vs.** | ) | |
| | ) | |
| **U.S. GOVERNMENT,** | ) | **By: James C. Turk** |
| | ) | **Senior United States District Judge** |
| **Respondent.** | ) | |

Jaborie Brown, a federal inmate proceeding pro se, filed this petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241. Brown, who is incarcerated in the United States Penitentiary Lee County in Jonesville, Virginia, challenges the validity of his confinement under federal criminal sentences imposed by a federal court in Florida. Upon review of the record, the court summarily dismisses the petition because Brown fails to demonstrate an entitlement to relief under § 2241.

**I**

Brown alleges the following facts. In March 2005, a jury in the United States District Court of the Southern District of Florida ("the Florida Court") found Brown guilty of conspiracy to possess with intent to distribute cocaine, conspiracy to commit Hobbs Act robbery, and conspiracy to use and carry a firearm during and in relation to a crime of violence and drug trafficking. The Court sentenced Brown to at total of 634 months imprisonment. Brown appealed, challenging the validity of the indictments. The United States Court of Appeals for the Eleventh Circuit affirmed, and the Supreme Court of the United States denied his petition for a writ of certiorari in October 2007.

Brown then filed his first motion to vacate his sentence, pursuant to 28 U.S.C. § 2255, in the Florida court, arguing that his indictments were defective. The Court denied relief, the Eleventh Circuit denied Brown a certificate of appealability, and the Supreme Court of the United States denied his petition for a writ of certiorari in October 2008. Brown also pursued unsuccessful habeas corpus petitions under § 2241 in the Florida court and in this court, challenging the validity of the indictments.[1]

In Brown's current petition, he asserts that his confinement is unconstitutional because the federal criminal statutes under which he stands convicted do not clearly define the conduct they prohibit. Brown complains that the language of the statutes failed to provide him notice that his conduct was criminal, and on this ground, seeks habeas relief under § 2241.

## II

A district court may not entertain a § 2241 petition attempting to invalidate a sentence or conviction unless a motion pursuant to § 2255 is "inadequate or ineffective to test the legality of [an inmate's] detention." Swain v. Pressley, 430 U.S. 372, 381 (1977). A procedural impediment to § 2255 relief, such as the statute of limitations or the rule against successive petitions, does not render § 2255 review "inadequate" or "ineffective." See In re Vial, 115 F.3d 1192, 1194 n. 5 (4th Cir. 1997). The United States Court of Appeals for the Fourth Circuit has found that § 2255 is inadequate and ineffective to test the legality of an inmate's conviction when the inmate satisfies a three-part standard by showing that:

> (1) at the time of conviction settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the

---

[1] See, e.g., Brown v. USA, Case No. 7:10CV00390 (W.D. Va. Sept. 10, 2010), affirmed, 406 F. App'x 820 (4th Cir. Jan. 4, 2011), cert. dismissed, 131 S. Ct. 2125 (Apr 18, 2011).

prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

See In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000).

Brown could have raised his current claims concerning statutory vagueness on appeal or in his initial § 2255 motion.  His petition does not point to any recent change of substantive law making it legal to conspire to traffic in cocaine, to conspire to commit robbery, or to conspire to use and carry firearms while committing crimes of violence and drug trafficking, and the court is not aware of any such precedent or statutory amendment.  Therefore, Brown fails to meet the Jones standard to show that § 2255 is inadequate or ineffective to test the legality of his conviction, his claims cannot be addressed under § 2241, and this petition must be dismissed.

### III

For the reasons stated, the court dismisses Brown's § 2241 petition because he fails to demonstrate that he is entitled to the relief requested.  An appropriate order will enter this day. The Clerk is directed to send copies of this memorandum opinion and accompanying order to petitioner.

ENTER:  This _18th_ day of April, 2012.

_James C. Turk_
Senior United States District Judge

3